# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| TAMMY WATTERS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. 11-cv-1181 |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

Before the Court is the United States of America's Motion to Dismiss Tammy Watters' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (RII.6).[1]  For the following reasons, Respondent's Motion is GRANTED and the Petition is DISMISSED WITH PREJUDICE.

### PROCEDURAL HISTORY

On May 20, 2009 Petitioner and her co-defendant Raymond E. Freeman were indicted on one count of Production of Child Pornography in case no. 09-CR-10055. (RI.16).  On August 21, 2009 Petitioner pled guilty to said charge without any plea agreement and the Court ordered a pre-sentence report (PSR) and set the matter for sentencing on December 11, 2009.  (RI. Minute Entry of 8/21/09).  The factual basis

---

[1] References to documents in the record of Case No. 09-cr-10055 are to "RI_"; references to documents in the record of Case No. 11-cv-1181 are to "RII_"; references to transcripts of the proceedings in Case No. 09-cr-10055 will be cited as ("Tr.(date)").

tendered by the Government detailed the conduct of Petitioner and her co-defendant in having sexually assaulted Petitioner's seven year old autistic son several times over a period of months and having videotaped those episodes of sexual assault. (Tr. 8/21/09 at 19-24). By stipulation with Petitioner and in preparation for the sentencing, the Court reviewed a DVD marked as Exhibit 1 which contained the child pornography videos which were the basis of the offense. (Tr. 12/11/09 at 5-6).

The Petitioner's PSR recommended a United States Sentencing Guidelines (USSG) range of life imprisonment which, by reason of the statutory maximum, became 360 months. (RI.36 at 13). On December 11, 2009 the Court conducted Petitioner's sentencing hearing and at said hearing, without objection from either party, the Court adopted the USSG range recommended by the PSR. (Tr. 12/11/09 at 3-5). The Government then presented evidence of Petitioner's concealment of evidence consisting of another DVD containing additional pornographic depictions of her sexual assault of her son. (Tr. 12/11/09 at 6-13).

The Government then argued for the maximum sentence citing the degrading nature of the offense against the victim, his special needs and vulnerability, the special relationship and duty that existed between Petitioner and the victim and the need for deterrence and protection. (Tr. 12/11/09 at 18-25). After argument by defense counsel, Petitioner made a statement to the Court about her history and offense. (Tr. 12/11/09 at 29-33). The Court then sentenced Petitioner to 360 months. (RI.44).

On December 17, 2009, Petitioner filed a notice of appeal. (RI.51). Petitioner contended that the Court had improperly presumed a guideline sentence to be reasonable, did not give her mitigation appropriate weight, did not accurately apply the § 3553 factors, and imposed a substantively unreasonable sentence. *U.S. v. Freeman*, 415 Fed.Appx. 721, 723-24 (7th Cir. 2011). On February 18, 2011 the Seventh Circuit Court of Appeals rejected Petitioner's appellate claims and sustained her sentence. *Id*. at 725.

On May 16, 2011 Petitioner filed the instant § 2255 motion reasserting her appellate claims and asserting ineffective assistance of counsel for her counsel's failure to have her psychologically evaluated. (RII.1). By Order dated May 20, 2011 this Court analyzed Watters' Petitioner, and dismissed that portion of Petitioner's § 2255 motion that asserted her appellate issues because they had been decided on direct appeal. (RII.4). However, this Court ordered the Government to respond to Petitioner's ineffective assistance of counsel claim. (RII.4). Respondent complied, and on July 15, 2011 it filed its instant Motion to Dismiss. (RII.6).

## DISCUSSION

The seminal case on ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. The courts, however,

3

must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 690. A prisoner must also prove that she has been prejudiced by her counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Absent a sufficient showing of both error and prejudice, a petitioner's claim must fail. *United States v. Delgado*, 936 F.2d 303, 311 (7th Cir. 1991). For the reasons which follow, the Court concludes that Petitioner has failed to establish that her counsel's performance fell below an objective standard of reasonableness.

Petitioner's ineffective assistance of counsel claim is based upon the very narrow assertion that her counsel's decision to not have her psychologically evaluated prejudiced her at sentencing because such evaluation would have enabled her to answer the Court's question of why she committed the offense and it would have demonstrated that she was not a danger. (RII.1). In the context of the highly deferential presumption that counsel made reasonable strategic decisions, Petitioner's claim fails to establish that her counsel rendered objectively deficient performance. *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002) (A court's review of counsel's performance is "highly deferential."); *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (Counsel is "strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment.").

No suggestion is made by Petitioner that her mental condition constituted a possible defense to the charge or that it impaired her ability to tender a knowing and voluntary guilty plea. Petitioner does not allege that she manifested any outward sign of mental illness that should have been apparent to counsel. Thus, the Petitioner tacitly admits that she was psychologically well enough to be held responsible for her offense; to comprehend her proceedings and to assist her counsel, and that her counsel would have had no reason from her conduct to suspect that she had a mental illness.[2] In fact, prior to her incarceration, the Petitioner had no mental health treatment history. (RI.36).

Nonetheless, Petitioner speculates that something favorable would have turned up in a psychological evaluation which would have answered the question of why she committed her offense and which would have proven that she was not a danger and, therefore, that her counsel must have been ineffective for not having her evaluated. Such rank speculation is precisely the type of conclusory allegation that may not overcome counsel's presumption of effective performance.

The fact that Petitioner lacked an answer regarding why she committed such a heinous crime does not render her counsel's decision to forgo a psychological evaluation deficient performance. Also, it is pure speculation that such an evaluation would have concluded in Petitioner's favor as to both the reason she committed the offense and also her risk of re-offending. If the psychological

---

[2] Indeed, by affidavit dated July 14, 2011 Petitioner's trial counsel in the underlying criminal case stated that "In my numerous personal meetings with Petitioner . . . I never formed a doubt as to the mental competency of the Petitioner or her sanity at the time of the offense conduct. She at all times sounded lucid, alert and in command of her mental faculties." (RII.6-1 at 3).

5

evaluation had resulted in a diagnosis of a dangerous mental disorder such as pedophilia or in an opinion that Petitioner was at a high risk of re-offending, then such evidence could have been used against her at sentencing. In such case, then Petitioner's § 2255 allegation before this Court would be that her counsel was ineffective for having produced aggravating information by having her evaluated.[3]

Under these circumstances, if Petitioner's attorney's decision to not have her psychologically evaluated in her child pornography case constitutes deficient performance, then a psychological examination would be required in every single child pornography prosecution in order to avoid an ineffective assistance reversal. The Sixth Amendment does not require this, and the Court will not countenance such an absurd result.

For the foregoing reasons, the Court concludes that nothing in Petitioner's one paragraph, conclusory allegation of ineffective assistance overcomes the presumption that her counsel's decision was a legitimate exercise of his professional judgment. *See Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("A petition which consists only of 'conclusory allegations unsupported by specifics' . . . is insufficient to overcome the barrier to an evidentiary hearing on a section 2255 motion.").[4] Consequently, Respondent's Motion to Dismiss must be GRANTED.

---

[3] Indeed, by affidavit dated July 14, 2011 Petitioner's trial counsel in the underlying criminal case stated that "As a matter of strategy, I considered and rejected the notion of a psychological evaluation for the Petitioner because the risk was too great that the report would return without significantly helpful findings . . . [which] could be used against the Petitioner at sentencing by the Government . . . ." (RII.6-1 at 3).

[4] Because the Court concludes that Petitioner has failed to rebut the presumption that her counsel's performance was reasonable, the Court need not examine whether such performance may have caused her prejudice.

## CERTIFICATE OF APPEALABILTY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his section 2255 case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Further, where the district court denies a petition on procedural grounds, such as untimeliness, a petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. PROC. 22(b)(1).

Based upon the record before it, the Court cannot find reasonable jurists would debate that Watters' petition fails to establish that she received ineffective assistance of counsel. Petitioner has failed to explain why it was manifestly

unreasonable for her attorney to decide to not have Petitioner psychologically evaluated. As such, Petitioner has failed to rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690 (1984). Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (RII.6) is GRANTED, and a certificate of appealability is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this <u>15th</u> day of August, 2011.

                                                           s/ Joe B. McDade
                                               JOE BILLY McDADE
                                    United States Senior District Judge